George DAVIS, Plaintiff–Appellant,

v.

CITY OF CHICAGO and Alexander
Vroustouris, Defendants–
Appellees.

No. 94–3138.

United States Court of Appeals,
Seventh Circuit.

Argued March 27, 1995.

Decided April 26, 1995.

Anthony G. Erbacci, Joseph T. Moriarty
(argued), Erbacci, Syracuse & Cerone, Chi-
cago, IL, for George Davis.

Lawrence Rosenthal, DCC, Barbara
Smith, ACC, Jean Dobrer, ACC (argued),
Benna R. Solomon, Susan S. Sher, Tracey
Renee Ladner, Office of The Corp. Counsel,
Appeals Div., Chicago, IL, for City of Chica-
go.

Barbara Smith, ACC, Susan R. Lichten-
stein, Diane M. Pezanoski, Susan S. Sher,
Tracey Renee Ladner, Office of the Corp.
Counsel, Appeals Div., Chicago, IL, for Alex-
ander Vroustouris.

Before EASTERBROOK and KANNE,
Circuit Judges, and STIEHL, District
Judge.*

* Hon. William D. Stiehl, of the Southern District     of Illinois, sitting by designation.

EASTERBROOK, Circuit Judge.

Since 1970 George Davis has been a refuse collection coordinator for the City of Chicago. In February 1992 the City's Inspector General, Alexander Vroustouris, accused Davis of participating in a "ghost payroll" scheme—in particular, of helping Alexander Cooper stay on the payroll while running a drug ring. Davis was suspended with pay. In December 1992, after an investigation and evidentiary hearing, the City fired Davis. He appealed to the City Personnel Board, which reinstated him in April 1993 but without back pay. Six months later the Circuit Court of Cook County awarded him the back pay, ruling that its denial was against the manifest weight of the evidence. Having received his cake from the state court, Davis filed this suit under 42 U.S.C. § 1983 seeking the icing: he wants compensation for lost opportunities to work overtime, and request promotions, during the period of suspension and discharge. The district judge was frosted and thought the suit an imposition: Davis bypassed an opportunity to seek this relief in the state litigation. The court dismissed the suit on principles of claim preclusion (res judicata). 1994 WL 447465, 1994 U.S.Dist. LEXIS 11523.

According to Davis, whose allegations we must accept given the posture of the case, Vroustouris was too busy trying to be Mr. Clean to pay attention to the facts. For one week in 1989 Davis had been assigned to the yard where Cooper was supposed to work. One day that week he saw an unknown person try to board a garbage truck; when queried, the person claimed to be Cooper. Davis threw him off the truck and reported to his supervisor that Cooper had tried to hire a replacement worker. At the end of the week, Davis returned to his usual posting. When, three years later, Vroustouris investigated Cooper's machinations, the fleeting connection between Davis and Cooper came to light, and Vroustouris accused Davis of being in on the scheme. The Personnel Board believed Davis's account but thought that he had not done enough to follow up

(which explains the denial of back pay); the Circuit Court thought that by reporting to his supervisor Davis had done plenty. The accusation, suspension, and discharge wronged Davis; but the injury was (largely) salved by the favorable decisions of the Personnel Board and Circuit Court. Davis could have sought even greater relief from the state court, and the district judge deemed his omission dispositive.

■ We must afford the prior judgment the same effect the courts of Illinois would give it, had this suit been filed there. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Like other states, Illinois precludes sequential pursuit not only of legal theories actually litigated, but also of those that could have been litigated, in the first action. See *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill.2d 285, 296, 176 Ill.Dec. 874, 879, 602 N.E.2d 820, 825 (1992); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1234 (7th Cir.1986) (summarizing Illinois law). Davis submits that Illinois uses a more restrictive definition of a "claim" than do federal courts, and that they therefore would not require him to combine a common law attack on the denial of back pay with a constitutional challenge to the reduction in overtime pay. The extent to which the Illinois approach differs in practical effect (as opposed to verbalization) from that of federal courts is open to debate. See *Hagee v. Evanston*, 729 F.2d 510, 513–14 (7th Cir.1984); *Pirela v. North Aurora*, 935 F.2d 909, 912 (7th Cir.1991). No matter. Ever since *Hagee* we have concluded that Illinois treats constitutional and non-constitutional arguments as a single claim, and that slight variation in the relief requested does not authorize multiplication of lawsuits. E.g., *Frier v. Vandalia*, 770 F.2d 699 (7th Cir.1985); *Button v. Harden*, 814 F.2d 382 (7th Cir.1987); *Charles Koen & Associates v. Cairo*, 909 F.2d 992 (7th Cir. 1990). Illinois has not clarified its doctrine since these cases. See *Rodgers v. St. Mary's Hospital of Decatur*, 149 Ill.2d 302, 312, 173 Ill.Dec. 642, 647, 597 N.E.2d 616, 621 (1992). Neither has it disapproved our understand-

ing of its law, and we shall stick to our guns so long as this situation prevails. *Mortell v. Mortell Co.*, 887 F.2d 1322, 1325 (7th Cir. 1989).

Davis insists that his case is special because the form of review in the Circuit Court, the common law writ of certiorari, restricts the court to the administrative record. The only question in the first case, therefore, was whether the City Personnel Board properly denied him back pay on the existing record. Other issues, such as whether he should have been suspended in the first place (and whether he may recover damages for overtime opportunities lost in that period) were not before the Circuit Court. True enough, given that Davis pursued only the common law writ of certiorari. But we have long believed that Illinois permits persons to join constitutional claims under § 1983 with requests for administrative review. In addition to *Button* see, e.g., *Wozniak v. DuPage County*, 845 F.2d 677, 681 (7th Cir.1988); *American National Bank & Trust Co. v. Chicago*, 826 F.2d 1547 (7th Cir.1987). On this question the Supreme Court of Illinois has since spoken—and it has endorsed our understanding of state law. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill.2d 413, 429–30, 141 Ill.Dec. 453, 459–60, 551 N.E.2d 640, 646–47 (1990). Davis tries to dodge this bullet by observing that in *Stratton* the plaintiff made his § 1983 claim against the agency whose decision the court was reviewing. Davis has no constitutional quarrel with the Personnel Board; he now pursues the City and Vroustouris. This is a distinction without a difference. The Personnel Board is *part* of Chicago and acted on the City's behalf; it is not a separate legal entity.

The law of preclusion cannot be understood in the abstract; its extent depends on the functions it serves. Preclusion serves a vital purpose, inducing people to combine claims and theories that are efficiently litigated jointly, and preventing the waste of judicial resources (and the adverse parties' time) that sequential suits create. Discipline of a civil service employee often follows the path Davis trod: an accusation of misconduct, followed by suspension (with or without pay) or some other interim measure, leading to discipline or discharge. It would be silly to break this sequence into little packages, litigating two or three times: once over the accusation, again over the interim measures, and still a third time over the final decision. Although the different phases may present different legal questions and different damages, the overlap of the facts behind the entire sequence calls for common treatment. See *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337 (7th Cir.1995). Illinois does not hinder joining a claim against the City with the request for review of an administrative decision. Genuinely distinct theories need not be joined, even if they arise out of the same contract or employment relation. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill.2d 484, 193 Ill.Dec. 192, 626 N.E.2d 225 (1993); see also *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir.1993) (same conclusion under federal law). But different phases of the same basic dispute are not separate claims. Davis split his claim for his own reasons: he wanted simple, streamlined litigation in the Circuit Court of Cook County so that he could get back pay as quickly as possible. His § 1983 claims against the City and Vroustouris are more complicated and have lower stakes, so he wanted to postpone them until he had prevailed in the main event. That is an understandable strategy but not a good reason for foisting two suits on the judicial system and his adversary. Having made a tactical choice to expedite decision, Davis must accept the consequences.

■ Vroustouris was not a party to the suit in the Circuit Court, but the district court held that he is entitled to the benefit of the judgment because, as an employee of Chicago, he is in privity with the City. *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir.1983), supports this conclusion, but we have since questioned whether *Mandarino* correctly captured the way Illinois uses the "privity" concept in the law of preclusion. See *Charles Koen & Associates*, 909 F.2d at 999 n. 7. The gradations in state law are not easy to perceive. Compare *Towns v. Yellow Cab Co.*, 73 Ill.2d 113, 22 Ill.Dec. 519, 382 N.E.2d 1217 (1978), and *Cunningham v. Huffman*, 154 Ill.2d 398, 182 Ill.Dec. 18, 609 N.E.2d 321 (1993), with *Progressive Land*

*Developers,* 151 Ill.2d at 296, 176 Ill.Dec. at 879, 602 N.E.2d at 825. Davis accuses Vroustouris of defamation, and because an ordinance prohibits the kind of baseless public charge that Davis alleges Vroustouris made, Municipal Code of Chicago § 2–56–110, it is hard to say that Vroustouris was in privity with the City for this purpose; the ordinance tries to break the link, and the City would not have acted as Vroustouris's champion had he been a defendant in the Circuit Court action.

■ Nonetheless, the district court was right to dismiss the claim against Vroustouris. The statements at the press conference, if defamatory, did not violate Davis's constitutional rights—for the Constitution does not forbid libel and slander. *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Buckley v. Fitzsimmons,* 20 F.3d 789, 797–98 (7th Cir.1994). It does curtail the use of falsehoods that deprive a person of employment, but the remedy for that offense lies in back pay and a name-clearing hearing, *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), which Davis has already had. Cf. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Whether Vroustouris might have some additional obligation under state law is a subject the district judge did not reach; after resolving the federal claims, he dismissed the state claims for which Davis had invoked the supplementary jurisdiction. If he tenders to state court his claim under state law, Davis may at last discover from the authentic interpreter of Illinois law whether sequential litigation is permissible.

AFFIRMED.