896 F.Supp. 882 (1995)
Joseph J. MARTINKOSKI, Plaintiff,
v.
WISCONSIN DEPARTMENT OF CORRECTIONS, Eric Hamersma, Program Director, Sue Deyoung, Social Worker, and Brian Cagle, Staff Psychologist, Defendants.
No. 95-C-773.
United States District Court, E.D. Wisconsin.
August 22, 1995.
*883 Joseph J. Martinkoski, Oshkosh, WI, pro se.

DECISION and ORDER
MYRON L. GORDON, District Judge.
On July 26, 1995, the pro se plaintiff, Joseph J. Martinkoski, presently incarcerated at the Oshkosh Correctional Institution, filed a complaint in the above-captioned action and a petition to proceed in forma pauperis. By decision and order of August 3, 1995, I denied the plaintiff's petition to proceed in forma pauperis and dismissed his action without prejudice. The denial of Mr. Martinkoski's petition was based on his failure to successfully establish his indigence. It was also based upon my conclusion that his complaint, which I construed as one alleging that his prison conditions subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and that he was slandered by the defendants in violation of state law, was legally frivolous.
With respect to his failure to establish his indigency under 28 U.S.C. § 1915(a), Mr. Martinkoski had failed to answer question "4(E)" which requires him to disclose how much money he has in his private checking or savings account. I found his complaint frivolous under 28 U.S.C. § 1915(d) because the facts alleged did not indicate that the circumstances he was forced to endure exceeded the bounds of human decency  the appropriate standard in evaluating Eighth Amendment conditions of confinement claims. See Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995, 999-1000, 117 L.Ed.2d 156 (1992). To the extent that Mr. Martinkoski's claims could be viewed as a challenge to the length of his confinement, they too were frivolous because he had failed to satisfy the exhaustion requirement of federal habeas corpus relief.
In addition, I concluded that Mr. Martinkoski's state law claim of slander did not implicate any constitutional rights, Davis v. City of Chicago, 53 F.3d 801, 804 (1995), and his claims against the Wisconsin Department of Corrections were improper as state agencies are not subject to liability under 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).
Presently before the court is Mr. Martinkoski's "Motion for Leave to File Supplemental Complaint" along with a motion for the appointment of counsel. A review of Mr. Martinkoski's submission indicates that he seeks leave to amend his original complaint in an attempt to cure the deficiencies in that pleading.
Mr. Martinkoski first attempts to correct the omission in his financial affidavit. His revised affidavit reveals that he has now answered question "4(E);" his answer demonstrates that aside from his release fund of $230.49, Mr. Martinkoski has no assets. The affidavit of indigency also shows that Mr. Martinkoski has debts amounting to $2,000 and a son who is dependent upon him for support. In view of Mr. Martinkoski's supplemental financial affidavit, I am satisfied that he is unable to pay the costs of commencing this action.
Next, I must determine whether Mr. Martinkoski's proposed supplemental complaint corrects the deficiencies which rendered his original complaint frivolous under § 1915(d). The proposed supplemental complaint indicates that the plaintiff requests leave to change the parties against whom he seeks relief. Specifically, the proposed pleading *884 omits the Wisconsin Department of Corrections and Brian Cagle as defendants and names a new defendant, Sue Rehder. My review discloses that Mr. Martinkoski has failed to cure any of the deficiencies of his original complaint. For the most part, the allegations in his supplemental pleading mirror those of the July 26, 1995, complaint.
The plaintiff's revised pleading, like his original, stems from his purported inability to participate in the prison's sexual offender treatment program [the "S.O.T. program"]. He includes no new factual allegations that even suggest that the deprivation complained of denied him the "minimal measure of life's necessities" counter to the Eighth Amendment. Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)). Further, to the extent that his claims are viewed as ones seeking federal habeas corpus review, he again makes no allegations which arguably demonstrate that he has satisfied the exhaustion requirement. As to his state law slander claim, Mr. Martinkoski cannot overcome the fact that such a claim is not actionable under 42 U.S.C. § 1983.
Along with reiterating the claims he advanced in the original complaint, Mr. Martinkoski's proposed supplemental complaint includes an allegation that the denial of his participation in the S.O.T. program deprived him of life, liberty or property without due process of law in violation of the Fourteenth Amendment. Essential to demonstrating a due process violation is the existence of a protected interest. I find that Mr. Martinkoski's allegations cannot arguably be said to establish a liberty interest in participation in the S.O.T. program.
The court of appeals for the seventh circuit has held that "there is no constitutional mandate to provide educational, rehabilitative or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment." Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir.1982), cert. denied, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). As I have already concluded that the Eighth Amendment is not implicated by Mr. Martinkoski's allegations, the plaintiff has not alleged a federal entitlement to participate in the S.O.T. program.
To the extent that Mr. Martinkoski's supplemental complaint can be said to allege that the state of Wisconsin created an entitlement to programs such as the S.O.T. program, it is also legally insufficient. The United States Supreme Court has recently held that states may create liberty interests "[b]ut these [liberty] interests will be generally limited to freedom from restraint which ... imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, ___ U.S. ___, ___, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995).
In my opinion, the "ordinary incidents of prison life" do not include the right to participate in educational programs. See Sandin, ___ U.S. ___, 115 S.Ct. 2293, 132 L.Ed.2d 418. "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin, ___ U.S. at ___, 115 S.Ct. at 2300 (quoting Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125, 97 S.Ct. 2532, 2538, 53 L.Ed.2d 629 (1977) (citations omitted)). By providing prisoners with educational and rehabilitative programs, the state of Wisconsin cannot be said to have created a liberty interest in participation in such programs because denial of these opportunities does not impose atypical and significant hardship on a prisoner in relation to ordinary prison life.
Accordingly, because Mr. Martinkoski has failed to cure the deficiencies in his original complaint, his motion to file a supplemental complaint will be denied. His motion for appointment of counsel will be dismissed as moot.
Therefore, IT IS ORDERED that Mr. Martinkoski's "Motion for Leave to File Supplemental Complaint" be and hereby is denied, without prejudice.
IT IS ALSO ORDERED that Mr. Martinkoski's motion for the appointment of counsel be and hereby is dismissed as moot.