70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony CALIENDO, Plaintiff-Appellant,
v.
Matt RODRIGUEZ, Superintendent of Police of the City of
Chicago, and the City of Chicago, Defendants-Appellees.
 No. 94-3867.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1995.
Decided Nov. 30, 1995.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 In 1991 Anthony Caliendo, a Chicago police officer, was terminated from the police force for accepting bribes and official misconduct. His appeals to the state circuit court and appellate court failed to rescind the termination. He then filed a civil rights action under 42 U.S.C. Sec. 1983 alleging violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments and under state law for breach of contract and retaliatory discharge. The district court granted the defendants' motion to dismiss from which Caliendo appeals. We affirm.
 
 
 2
 From 1976 through 1981, Caliendo organized and attempted to recruit fellow police officers into Local 1975. He filed several successful grievances with the union against the Chicago Police Department. According to the complaint, the police department subsequently engaged "in an operation to entrap Caliendo ... into official misconduct and terminate [him]." He was charged with accepting bribes instead of issuing traffic citations and faced both criminal charges and departmental sanctions. The department suspended Caliendo indefinitely without pay and benefits.
 
 
 3
 Caliendo was acquitted of criminal charges in July 1989. The Police Board ("Board") then held hearings between March 1990 and July 1990 on the departmental charges. The Board admitted into evidence taped conversations that had been deemed inadmissible in the criminal trial. Finding the charges to be true, the Board terminated Caliendo in September 1990. Both the Illinois circuit court and appellate court affirmed the Board's decision.
 
 
 4
 Caliendo raises the following claims in his complaint:
 
 
 5
 Deprivation of his Fourth and Fourteenth Amendment rights "to be free from unreasonable searches" and of "due process" through the use of tainted evidence and false testimony (Count 1);
 
 
 6
 Retaliatory discharge (Count 2);
 
 
 7
 Breach of contract because the police department failed to comply with its own procedures outlined in the departmental handbook (Count 3);
 
 
 8
 Violation of the Fifth Amendment right against self-incrimination (Count 4);
 
 
 9
 Violation of the Fifth Amendment due process right against deprivation of his livelihood (Count 5);
 
 
 10
 Double jeopardy (Count 6);
 
 
 11
 Violation of Eighth and Fourteenth Amendment rights because he was discharged pursuant to unconstitutionally vague and ambiguous police department rules that were imposed in an arbitrary manner (Count 7);
 
 
 12
 Violation of Fifth and Fourteenth Amendment rights because state proceedings violated due process (Count 8).
 
 
 13
 Caliendo's Sec. 1983 claims (Counts 1 and 4 through 7) as well as the claim for retaliatory discharge were dismissed as untimely. The district court dismissed the breach of contract claim on the basis of res judicata. Count 8 was dismissed without prejudice because the defendants were not given adequate notice of the substance of the alleged due process violations.
 
 
 14
 The district court's grant of the defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Chaney v. Suburban Bus Div. of Regional Transp. Auth., 52 F.3d 623, 626 (7th Cir.1995). The factual allegations of the complaint are accepted as true and all reasonable inferences should be drawn in favor of the plaintiff. Id. Because the inquiry on a motion to dismiss is whether the plaintiff can prove any set of facts to support his allegations, new factual allegations raised for the first time on appeal will be considered provided they are consistent with the complaint. Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir.1994); Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439 (7th Cir.1994).
 
 
 15
 On appeal, the defendants argue that res judicata bars all the claims even though they raised this particular defense before the district court with respect to the due process claims described in Counts 1, 7, and 8 only. We may affirm the district court on any ground that is supported by the record and has not been waived by the appellee. Marx v. M & I Bank of Watertown, 17 F.3d 1012, 1014 n. 3 (7th Cir.1994). Ordinarily, the failure to raise a defense with respect to all of the claims precludes this court from considering it as a general defense on appeal, Crowder v. Lash, 687 F.2d 996, 1008 (7th Cir.1982), unless, of course, the suit is frivolous because of the waived ground; then the dismissal can be affirmed on that ground. Frederick v. Marquette Nat'l Bank, 911 F.2d 1, 2 (7th Cir.1990). We conclude that res judicata provides a valid and obvious defense to Caliendo's claims in Counts 1 through 7 and affirm the dismissal of these claims for that reason.
 
 
 16
 Federal courts must give state court judgments the same preclusive effect a state court would have given them as long as the party against whom the earlier decision is asserted as a bar was given a full and fair opportunity to litigate the claim. 28 U.S.C. Sec. 1738; see also Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982); Lolling v. Patterson, 966 F.2d 230, 235 (7th Cir.1992). In Illinois, res judicata, or claim preclusion, bars a subsequent action when a final judgment was entered on the merits in the prior suit and there is both identity of cause of action and of parties or their privies. Downing v. Chicago Transit Authority, 642 N.E.2d 456, 458 (Ill.1994). The bar extends to every legal theory actually litigated in the prior suit as well as to every other legal theory that could have been raised. Torcasso v. Standard Outdoor Sales, Inc., 626 N.E.2d 225, 228 (Ill.1993); Davis v. City of Chicago, 53 F.3d 801, 802 (7th Cir.1995).
 
 
 17
 The state courts reached a final decision on the merits in this case. Caliendo v. Martin, 620 N.E.2d 1318, 1321 (Ill.App.Ct.1993). Privity also exists. With the exception of Matt Rodriguez, all of the defendants were named in the state action. Moreover, because Rodriguez is being sued in his official capacity as Superintendent of Police, he represents the same interests as his predecessor Leroy Martin, and therefore is in privity with him. People ex rel. Burris v. Progressive Land Developers, Inc., 602 N.E.2d 820, 826 (Ill.1992).
 
 
 18
 Lastly, Caliendo's prior suit and his federal suit constitute the same cause of action. Causes of action are identical for purposes of claim preclusion if the same facts are essential to maintain both proceedings or the same evidence is needed to sustain both. Torcasso, 626 N.E.2d at 228; Progressive Land Developers, 602 N.E.2d at 825. In the state action, Caliendo argued that the evidence was insufficient to support the Board's determination that he accepted bribes, that the sanction of termination was unreasonable and arbitrary, and that he was deprived of his due process right to an impartial decisionmaker. Caliendo, 620 N.E.2d at 1321. He could have used the same group of facts and evidence involving his discharge from the police force to establish the violation of his constitutional rights as alleged in Counts 1 through 7.
 
 
 19
 Even though Caliendo's claim of retaliatory discharge (Count 2) refers to facts involving his former union activities that were not mentioned in the state appellate court's opinion, claim preclusion bars this claim because it is based on a single group of facts involving Caliendo's removal from the police force and the reasons for the discharge and could have been raised as a defense in the state action. Pirela v. Village of North Aurora, 935 F.2d 909, 912 (7th Cir.) (claim preclusion barred Pirela's claims of discriminatory practices relating to the Village's discharge and suspension procedures because he could have raised this defense in his prior state action seeking administrative review of the Village's decision to dismiss him), cert. denied, 502 U.S. 983 (1991); Horton v. Caterpillar, Inc., 632 N.E.2d 1061 (Ill.App.Ct.) (plaintiff's state action against his former employer alleging retaliatory discharge was barred by the judgment in a prior federal suit in which the plaintiff alleged that he was wrongfully terminated because the employer had incorrectly interpreted the collective bargaining agreement), appeal denied, 642 N.E.2d 1280 (1994).
 
 
 20
 Finding res judicata applicable in this case, we also conclude that Caliendo was given a full and fair opportunity to litigate his claims in state court. Lolling, 966 F.2d at 235. Illinois courts treat constitutional and non-constitutional arguments as a single claim and permits plaintiffs to join constitutional claims under Sec. 1983 with requests for administrative review. Stratton v. Wenona Community Unit District No. 1, 551 N.E.2d 640, 646-47 (Ill.1990); Rogers v. Desiderio, 58 F.3d 299, 301 (7th Cir.1995); Davis, 53 F.3d at 802-03. In his state action, Caliendo raised at least one constitutional issue--that he was denied his right to an impartial decisionmaker--and there is no evidence that he could not have raised his other constitutional claims as well. Although Caliendo argues that full faith and credit should not be given to the state judgment because it was secured by fraud through the use of "tainted evidence and perjured testimony," these allegations, if true, would still not bar the doctrine's application.
 
 
 21
 Illinois differentiates between fraud which gives the court only colorable jurisdiction and fraud which occurs after the case is properly before the court. Vulcan Materials Co. v. Bee Construction, 449 N.E.2d 812, 815 (Ill.1983); Schwarz v. Schwarz, 188 N.E.2d 673, 676 (Ill.1963). Once jurisdiction is established, fraud on the court will not vitiate the preclusive effect of the court's judgment unless the rendering court sets it aside. Vulcan, 449 N.E.2d at 815 (fraud on the court subsequent to initial jurisdiction renders judgment voidable, but not void for lack of jurisdiction); Harris Trust and Savings Bank v. Ellis, 810 F.2d 700, 705 (7th Cir.1987). Accordingly, Caliendo's claims of fraud on the court do not bar the application of res judicata to Counts 1 through 7.
 
 
 22
 In Count 8 of Caliendo's complaint, he alleges that the state court proceedings violated his constitutional rights and asks the district court to review the judgment and award monetary damages. The district court dismissed this count without prejudice, concluding that the complaint did not specify what these due process violations in fact were.
 
 
 23
 On appeal, Caliendo explains that the circuit court violated due process by failing to consider the defendants' violations of its own regulations, by not recognizing its authority to order a new administrative hearing, and by allowing the entry of tainted evidence. The appellate court allegedly violated due process by also permitting the use of this tainted evidence, by failing to order the trial court to admit new evidence, and refusing to void a judgment secured by fraud. Curiously, Caliendo also argues that the circuit court lacked jurisdiction to hear his challenge to the Board's decision because the administrative charges were barred by the doctrine of laches.
 
 
 24
 First, it should be noted that lower federal courts have no authority to grant collateral review of a state court civil judgment. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995). Instead, a litigant who has lost in state court must seek review in the United States Supreme Court. GASH Associates v. Village of Rosemont, 995 F.2d 726, 727 (7th Cir.1993). Although Caliendo asserts that he seeks collateral review, we are not convinced that the Rooker-Feldman doctrine applies in this case. See Homola, 59 F.3d at 650. The parties do not address the issue in their briefs. The jurisdictional question need not be answered, however, because Caliendo's claim is more easily resolved on other grounds. See Rekhi v. Wildwood Industries, Inc., 61 F.3d 1313, 1316 (7th Cir.1995) (Although ordinarily jurisdictional issues should be resolved ahead of issues on the merits, "when the former are difficult and the latter easy, it is permissible ... to skip to the latter, provided there is no practical difference in the outcome.").
 
 
 25
 The due process violations alleged by Caliendo in Count 8 are attributed solely to errors on the part of the state court judges and not to any defendant named in the complaint. Even if the complaint were amended to name the judges as defendants, Caliendo's claim would fail on the merits. If sued for damages in their individual capacities, the judges would be entitled to judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Homola, 59 F.3d at 651. If sued for damages in their official capacities, the claim would be barred by the sovereign immunity of the State of Illinois. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Nowicki v. Cooper, 56 F.3d 782, 784 (7th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3319 (U.S. Aug. 30, 1995) (No. 95-660).
 
 
 26
 Because Caliendo's description of his claim on appeal indicates that it has no merit and would be dismissed on the basis of immunity, modifying the district court's decision to be a dismissal with prejudice would be appropriate. The defendants, however, have not filed a cross-appeal requesting that the dismissal without prejudice be modified to one with prejudice as is required in this circuit. Tredway v. Farley, 35 F.3d 288, 296 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Thus, we simply affirm the district court's dismissal of this claim.
 
 
 27
 AFFIRMED.