Thomas H. RICHMOND, Plaintiff,

v.

Brian CAGLE, Donald Gudmanson, Michael Sullivan, Stephan Puckett, Dr. Kenneth Lerner, Ph.D., Defendants.

No. 96–C–295.

United States District Court, E.D. Wisconsin.

March 29, 1996.

Thomas H. Richmond, Oshkosh, WI pro se.

Defendants not served.

## DECISION AND ORDER

WARREN, District Judge.

Before the Court are the plaintiff's Petition to Proceed In Forma Pauperis and Motion for Appointment of Counsel in the above-captioned action. For the following reasons, the petition and motion are denied and this case is dismissed.

Plaintiff Thomas H. Richmond, a prisoner incarcerated at the Oshkosh State Correctional Institution ("OSCI") in Oshkosh, Wisconsin, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. In his petition dated March 4, 1996, plaintiff argues his due process rights are being violated by prison officials. In particular, plaintiff states he is "unconstitutionally" being kept from treatment because he will not admit guilt to a dismissed charge discussed in his presentence report. The plaintiff was evaluated by a prison official and it was determined that the plaintiff was "unamenable to treatment." Due to this evaluation, the plaintiff "cannot proceed down in classification in the prison system." Moreover, plaintiff argues unsubstantiated allegations are contained in his presentence report and that the prison official who administered the evaluation is not properly licensed in psychology. The plaintiff has appealed the evaluation without success and appears to have exhausted all prison administrative remedies through the proper prison channels.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). To that end, Section 1915 allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a).

Access is not unlimited. Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). As long as the suit is not frivolous or malicious, a district court should grant the petitioner's request. *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989). In making such determinations, the Court is obliged to give the plaintiff's *pro se* allegations, however unartfully pleaded, a liberal construction, *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Caldwell v. Miller,* 790 F.2d 589, 595 (7th Cir.1986); *Bates v. Jean,* 745 F.2d 1146, 1150 (7th Cir.1984), and must accept well-pleaded factual allegations as true. However, under 28 U.S.C. § 1915(d), even *pro se* allegations are required to contain at least "some minimum level of factual support," *White v. White,* 886 F.2d 721, 724 (4th Cir. 1989), and persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios which cannot be inferred from the pleadings. *Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 758 (7th Cir.1988).

Based on the plaintiff's affidavit of indigence, the Court is satisfied that he meets the statutory poverty requirements of 28 U.S.C. § 1915(a). This Court also has no reason to believe that the complaint is malicious. The remaining question is whether plaintiff's complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez,* 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32. The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

■■■ The initial inquiry in a Section 1983 action is two-fold: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of his rights, privileges or immunities secured by the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Prison officials acting in their official capacity are acting under color of state law. The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692–93, 61 L.Ed.2d 433 (1979). The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law. Plaintiff must demonstrate the existence of a protected life, liberty or property interest, the deprivation of that protected interest and the state action which brought about the deprivation. In construing the plaintiff's complaint liberally, the plaintiff has failed to allege a deprivation of rights which implicate the Constitution.

■■■ The Court notes that on February 2, 1996, the Court addressed a prior petition of plaintiff's to proceed *in forma pauperis* and allowed the plaintiff and two other prisoners to proceed only on their retaliation claims. Also, the Court recently dismissed plaintiff's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Apparently, the plaintiff is dissatisfied with the rehabilitation program for sex offenders and how that program is implemented at OSCI. However, as the Court carefully explained in its prior Order, "there is no constitutional mandate to provide educational, rehabilitative or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 485–86 (7th Cir.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); *see also Martinkoski v. Wisconsin Dep't of Corrections*, 896 F.Supp. 882, 884 (E.D.Wis.1995).

■■■ Governmental actions which infringe on constitutional rights are generally valid if they are reasonably related to legitimate penological interests. *Williams v. Lane*, 851 F.2d 867 (7th Cir.1988). As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison authorities to judicial oversight. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). To the extent that the plaintiff is asserting that the defendants failed to follow state regulations, his allegations fail to rise to the level of a constitutional violation. A violation of state law is not itself a violation of the Constitution. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). And to the extent that the plaintiff is arguing that the State of Wisconsin created an entitlement to programs for sex offenders, recent Supreme Court precedent states that liberty interests created by a state are "generally limited to freedom from restraint which ... impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner, et al.*, —— U.S. ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

■■■ Thus, unless the plaintiffs can show the involvement of a fundamental right or a suspect class, governmental actions which infringe on constitutional rights are valid if they are reasonably related to legitimate penological interests. *Williams v. Lane*, 851 F.2d 867, 876 (7th Cir.1988). Regulations restricting a prisoner's rights only require some reasonable relation to legitimate penal interests in order to be constitutionally valid. *See Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). The plaintiff has not alleged sufficient facts implicating any infringement upon any constitutional rights, moreover, measures designed to rehabilitate sex offenders are reasonably related to legitimate penal interests. Additionally, it is clear to the Court that "ordinary incidents of prison life" do not include the right to participate in rehabilitation programs. Therefore, as the Court has previously stated, the plaintiff does not have a protected liberty interest in receiving treatment while in prison, so being denied treatment does not implicate the Constitution.

■ Again, the Court opts to reiterate verbatim its prior Order. The day-to-day operation of prisons and jails has been committed to the judgment of corrections officials, and not to this Court. The implementation and adoption of policies and procedures necessary for the orderly operation of penal institutions are matters within the expertise of corrections officials; thus, the Court affords great deference to their expert judgment absent substantial countervailing evidence. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Woods v. O'Leary*, 890 F.2d 883 (7th Cir.1989). In the case herein, plaintiff has failed again to identify a liberty interest that has been implicated by the actions of prison officials at OSCI and consequently, the Court dismisses his *in forma pauperis* petition as legally frivolous. Finally, because the Court finds plaintiff's petition to be without legal merit, plaintiff's request for appointment of counsel is denied.

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES the plaintiff's Petition to Proceed In Forma Pauperis, DENIES the Motion for Appointment of Counsel and orders this case DISMISSED.

**SO ORDERED.**