**Robert JOHNSON, Plaintiff–Appellant,**

v.

**AMERICAN CHAMBER OF COMMERCE PUBLISHERS, INC., doing business as Apland & Associates, et al., Defendants–Appellees.**

No. 96–3247.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 25, 1997.

Decided March 19, 1997.

Robert Johnson, Chicago, IL, pro se.

Joan E. Gale, Noah A. Finkel, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for American Chamber of Commerce of Publishers, Inc. and Scott Apland.

Charles A. Packard, Jeffrey S. Torosian, Nisen & Elliott, Chicago, IL, for Dunhill Temporary Systems of Chicago, Inc.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Robert Johnson, who is missing 18 teeth, wants to be a telemarketer. Dunhill Temporary Systems of Chicago sent Johnson to Apland & Associates for a trial. After three days of training, during which Johnson received generally positive evaluations, Apland let him go. It told Dunhill that Johnson mumbled on the phone and was not a "good match" for the job. Johnson believes that the trainers' positive evaluations were honest, and the firm's explanation a pretext for discrimination. He filed this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–34, seeking an order requiring Apland to hire him (or Dunhill to send him to additional potential employers).

■ Johnson contends, and the district court assumed, that he does not mumble and that his missing teeth do not actually hinder his ability to sell things by phone. As Johnson sees it, both Apland and Dunhill regarded him as disabled notwithstanding his good speaking abilities. Congress defined "disability" to include the case in which a person is "regarded as having [a disabling] impairment" even though he does not. 42 U.S.C. § 12102(2)(C). The complaint is drawn to this statutory definition. Nonetheless, the district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted. The court wrote that Johnson loses because he "has failed to establish the first element of his claim, that he has a physical or mental impairment.... Johnson's missing teeth do not rise to the level of a 'cosmetic disfigurement.'" In other words, Johnson could not be "regarded as having [a disabling] impairment" unless he actually *has* an impairment, if only a "cosmetic" one.

■ Congress could have written the statute so that the presence of some kind of objectively-ascertainable condition serves as a filter. An objective threshold might help the courts to discard implausible claims without the need for costly discovery. Yet no benefit comes free of cost, and a screening device of this kind is not in the package of rights and obligations Congress enacted. If for no reason whatsoever an employer regards a person as disabled—if, for example, because of a blunder in reading medical records it imputes to him a heart condition he has never had—and takes adverse action, it has violated the statute unless some other portion of the law affords it a defense. The statute forbids "discrimination against '[a] person who has a record of, or is regarded as having, an impairment [but who] may at present have no actual incapacity at all.'" *School Board of Nassau County v. Arline*, 480 U.S. 273, 279, 107 S.Ct. 1123, 1127, 94 L.Ed.2d 307 (1987), quoting from *Southeastern Community College v. Davis*, 442 U.S. 397, 405–06 n. 6, 99 S.Ct. 2361, 2366 n. 6, 60 L.Ed.2d 980 (1979). Other courts of appeals have said or held that the plaintiff need not establish any actual impairment to found a claim on § 12102(2)(C). E.g., *Harris v. H & W Contracting Co.*, 102 F.3d 516, 523 (11th Cir.1996); *MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1443 (10th Cir.1996); *Bridges v. Bossier*, 92 F.3d 329, 332 (5th Cir.1996); *Katz v. City Metal Co.*, 87 F.3d 26, 33 (1st Cir.1996). *Katz* reversed a decision similar to the district court's treatment of Johnson's complaint. We do likewise; unlike

Johnson, the Americans with Disabilities Act has teeth.

Defendants have other grounds that they can present on remand. For example, a disability means an impairment "that substantially limits one or more of the major life activities", § 12102(2)(A), and clause (C) deals only with a person "regarded as having *such* an impairment" (emphasis added). Does mumbling "substantially limit[ ] one or more of the major life activities"? Mumbling or stuttering would preclude employment as a telemarketer, but many other jobs would remain open. The "major life activities" hurdle, rather than proof of a concrete disability, is what screens out trivial claims under § 12102(2)(C). Then there is the fact that Johnson has commenced *two* cases: one in state court charging Apland with defamation for telling Dunhill that he mumbled, and this suit in federal court. Apland has prevailed in the state case, which is on appeal; a defense of claim preclusion (res judicata) in the federal case may be in order. See *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir.1993). These and all other issues we leave to the district court in the first instance.

REVERSED AND REMANDED.