116 F.3d 1482
 10 NDLR P 69
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dottie PUTIGNANO, Plaintiff-Appellant,
v.
SENIOR LIFESTYLE CORP., Defendant-Appellee.
 No. 95-3061.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.
Decided May 28, 1997.[1]
 
 Appeal from the United States District Court of the Northern District of Illinois, Eastern Division, No. 94 C 3203; Paul E. Plunkett, Judge.
 Before POSNER, C.C.J., CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Dottie Putignano worked as a receptionist for defendant, Senior Lifestyle Corporation, a retirement home. She was discharged, apparently after an incident where she violated her employer's policy about summoning an ambulance for one of the residents and notifying the family of the resident as to which hospital would be used. Putignano filed suit claiming discrimination based on gender, age, and disability. The district court granted defendant's motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Our review is de novo. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995).
 
 
 2
 As a part-time receptionist, plaintiffs duties included receiving visitors and residents, directing communication to residents and staff, and responding to resident emergencies. She was hired on August 24, 1991. She was fired on March 30, 1993 for not following company procedure. This occurred after several instances of unsatisfactory performance had been documented by defendant during 1992 and 1993.
 
 
 3
 Although plaintiff appears to attempt to allege age discrimination, gender discrimination, and retaliatory discharge, those claims are not included in the EEOC right-to-sue letter, and therefore will not be considered by this court. Cheek v. Western & Southern Life Ins. Co, 31 F.3d 497 (7th Cir.1994). The EEOC letter refers only to a disability claim brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-34.
 
 
 4
 In regard to the dismissal of the ADA claim, we agree with the district court that much of the pleadings and motions filed by plaintiff are nearly incomprehensible. (Although the amended complaint was drafted pro se, this was done while plaintiff was represented by counsel.) However, one thing is clear: neither the employer, the EEOC, the district court, nor this court has any idea what disability plaintiff claims she suffers from.
 
 
 5
 In order to state a valid claim for a violation of the ADA, the complaint must contain allegations that plaintiff is a "qualified individual with a disability." 42 U.S.C. § 12112(a). Plaintiff alleges in her amended complaint that she was forced to work in a "hostile work atmosphere" due to her "affliction." But there is nothing in the complaint (or in the record) to indicate what disability plaintiff claims to have. The district court states that at a pretrial conference, plaintiff "identified her disability as her mental condition, although she did not specify the nature of that condition." (District Court Order dated August 7, 1995, p. 4.) The EEOC right-to-sue letter states that plaintiff suffered from a "neurological disorder." It is not clear how the EEOC obtained this information, or what the nature of that disorder might be. The record contains not a single medical document indicating that any disability or impairment exists.
 
 
 6
 Even taking all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, there simply is no medical or other evidence indicating that plaintiff suffers from a disability.
 
 
 7
 In addition, there is nothing indicating that defendant knew of any disability, mental, neurological, or otherwise, see Hedberg v. Indiana Bell Telephone Company, Inc., 47 F.3d 928, 932 (7th Cir.1995) ("an employer cannot be liable under the ADA for firing an employee when it indisputably had no knowledge of the disability"), or that defendant perceived plaintiff as having a disability, see Johnson v. American Chamber of Commerce Publishers Inc., 108 F.3d 818, 819 (7th Cir.1997) (the ADA forbids discrimination against a person who is regarded as having an impairment, even if they in fact are not impaired).
 
 
 8
 The district court properly dismissed the amended complaint for failure to state a claim on which relief may be granted.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)