151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert T. JOHNSON, Plaintiff-Appellant,
v.
DUNHILL TEMPORARY SYSTEMS OF CHICAGO, INC., Mike Kerston,
and Lynn Cozzi, Defendants-Appellees.
 No. 98-1067.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1998.*
Decided June 5, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied July 31, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 C 5698, James B. Zagel, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 Order
 
 1
 Last year we remanded this case in a published opinion, Johnson v. American Chamber of Commerce Publishers, Inc., 108 F.3d 818 (7th Cir.1997), observing that plaintiff had several hurdles to surmount before he could recover on his claim under the Americans with Disabilities Act. One of these was "the fact that Johnson has commenced two cases: one in state court charging [defendants] with defamation for telling Dunhill that he mumbled, and this suit in federal court. [Defendants] prevailed in the state case, which is on appeal; a defense of claim preclusion (res judicata) in the federal case may be in order. See Herrmann v. Cencom Cable Associates, Inc., 999 F.2d 223 (7th Cir.1993)." 108 F.3d at 820 (emphasis in original). It turns out that this was not entirely correct. Johnson filed three cases rather than two, initiating the third while the appeal was pending. He lost both of his state suits on the merits. After some of the defendants settled their disputes with Johnson, the district judge dismissed his federal suit against the remaining three under the doctrine of claim preclusion.
 
 
 2
 State judgments have, in federal litigation, the same effect they have in state court. 28 U.S.C. § 1738. Johnson sued Dunhill, Kerston, and Cozzi twice in Illinois court for the same activities that underlie the federal suit. Each suit advances different legal theories, but the facts in issue are the same. Illinois uses the doctrine of merger and bar, under which a judgment is preclusive not only on claims actually advanced but also on those that could have been advanced but were not. See Perkins v. Board of Trustees of the University of Illinois, 116 F.3d 235, 236 (7th Cir.1997) (discussing Illinois law). Johnson contends that he tried to add a claim under the ADA to his first state suit but that the judge would not let him. The effect of this is ambiguous; perhaps the judge said no because Johnson waited too long to bring up the claim. But there is no similar ambiguity with respect to the second state suit, which was commenced in September 1996. Having raised an ADA claim in his pending federal case, Johnson deliberately omitted it from the complaint in state court. He lost his state case on the merits, and because the state case went to final judgment before the federal case its outcome is preclusive.
 
 
 3
 What Johnson now argues is that he was entitled to split his claims--to present federal theories to the federal court and state theories to the state court--without risk of adverse consequences. A state might adopt such a permissive rule of preclusion, but Johnson offers us no reason to believe that Illinois has done so. Opinions of this court express the view that Illinois does not tolerate claim splitting, see Rogers v. Desiderio, 58 F.3d 299 (7th Cir.1995); Davis v. Chicago, 53 F.3d 801 (7th Cir.1995); Button v. Harden, 814 F.2d 382 (7th Cir.1987), and no Illinois case has taken issue with this conclusion. Johnson's appeal to "stare decisis" is hard to fathom. Perhaps he is invoking the law of the case, an argument along the lines of "the first state judge would not allow me to add an ADA claim, so I was forbidden to put it in the second complaint". The law of the case does not transfer from one suit to another, and at all events the first state judge did not say that something in Illinois law forbids ADA litigation. Such a position would be untenable. Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947). Johnson was free to choose which claims to make in his second state suit. He omitted a claim under the ADA, lost on the merits, and cannot obtain a new decision from a second set of courts.
 
 AFFIRMED
 
 
 *
 This case was assigned under Operating Procedure 6(b) to the panel that heard the initial appeal. After an examination of the briefs, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)