NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 13, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3223

| | |
|---|---|
| WAYNE PATTERSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-1435 |
| | |
| JAMES DIMAS, et al., | James E. Shadid, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Wayne Patterson received food stamps for many years until an allegation of fraud led to the termination of his benefits. That decision was made by the Illinois Department of Human Services, which administers the program. After the Illinois courts upheld the agency's decision, Patterson brought this action under 42 U.S.C. § 1983, claiming that he was denied due process during a hearing to revoke his benefits. The district court gave several reasons for dismissing the case, including that Patterson's claim is barred by the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

statute of limitations. We agree with that conclusion and also note that the doctrine of claim preclusion would bar the claim even if timely.

Food stamps (the colloquial name for the Supplemental Nutrition Assistance Program) are funded by the federal government but administered by the states. In 2004 the Department of Human Services received an anonymous tip that Patterson, a participant since 1998, had understated his assets to establish eligibility. The Department investigated and in 2006 concluded that Patterson had lied about his assets and also concealed that he lived with the mother of his children, meaning that her assets should have been disclosed as well. The Department concluded that Patterson had been ineligible for benefits and, over the years, fraudulently received about $27,000.

Patterson contested the Department's findings and demanded an evidentiary hearing. At that 2011 hearing the Department introduced its investigative report but did not call the employee who interviewed Patterson during the investigation. Patterson testified that statements attributed to him in the report are false, and he asked to cross-examine the interviewer. The Department responded that the interviewer was unavailable, and although the hearing officer invited Patterson to give his version of the interview, he declined. Patterson also called his children's mother, who denied sharing her home and assets with Patterson. The hearing officer credited the investigative report and the Department's finding of fraud. Patterson then sought judicial review in the Illinois courts, arguing that the hearing officer violated his right to due process by not allowing him to cross-examine the interviewer. But the circuit court rejected that contention, as did the state court of appeals. In late 2014 the Supreme Court of Illinois declined to review the appellate court's decision.

The following year Patterson filed this suit against James Dimas, the Secretary of the Department of Human Services, in his individual and official capacities. Patterson also named the State of Illinois and the Department as defendants, but neither is a "person" under § 1983, so we do not concern ourselves with Patterson's claims against them. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ill. Dunesland Pres. Soc'y v. Ill. Dep't of Nat. Res.*, 584 F.3d 719, 721 (7th Cir. 2009). As he did in the state courts, Patterson claimed that he was denied due process at the administrative hearing because he was unable to cross-examine the employee who interviewed him during the Department's investigation. As a remedy he asked the district court to award damages and compel Dimas to give him a new administrative hearing. The district court concluded, however, that Patterson's suit is barred by the two-year statute of limitations applicable to § 1983 cases arising in Illinois. *See Campbell v. Forest Pres. Dist. of Cook Cty.*,

*Ill.*, 752 F.3d 665, 667 (7th Cir. 2014). Moreover, the court reasoned, Dimas would have Eleventh Amendment immunity in his official capacity and could not be liable in his individual capacity because he did not participate in the alleged deprivation.

On appeal, Patterson contests the dismissal of his lawsuit but does not engage the district court's reasoning, which could be reason enough to affirm the judgment. *See* FED. R. APP. P. 28(a)(8); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Nevertheless, we note that the court was mistaken in thinking that the Eleventh Amendment would have barred injunctive relief directed at Dimas; an agency head, sued in his official capacity, is the appropriate target of prospective injunctive relief, even when the agency is an arm of the state. *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 696–97 & 696 n.6 (7th Cir. 2007); *Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000); *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987).

That said, Patterson's claim for injunctive relief against Dimas still is barred by the statute of limitations. The claim accrued when Patterson knew or should have known that his right to due process was violated. *See Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011); *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002). Patterson asserts that a denial of due process at the February 2011 administrative hearing led to the Department's final decision in April of that year to terminate his benefits. But he does not allege wrongful action after April 2011, and he did not establish any exception to the statute of limitations.

Moreover, Dimas also argued in the district court, and repeats here, that the doctrine of claim preclusion bars this suit. We agree. A state-court judgment upholding administrative action is entitled to full faith and credit, 28 U.S.C. § 1738; *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012), which means that the Illinois circuit court's judgment in favor of the Department of Human Services is preclusive in federal court if it would be preclusive under Illinois law and Patterson had a full and fair opportunity to raise his federal claim in the state proceeding, *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982); *Abner*, 674 F.3d at 719; *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996). In Illinois, claim preclusion (or res judicata) bars a subsequent suit when "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of causes of action, and (3) there is an identity of parties or their privies." *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001).

In this case there is no dispute that the circuit court was authorized to review, and issue a judgment upholding, the hearing officer's ruling. *See Hanrahan v. Williams*, 673

N.E.2d 251, 253 (Ill. 1996) (explaining that Illinois circuit courts are authorized to review administrative actions either directly under state's Administrative Review Law or, when that provision does not apply, by means of a common law writ of certiorari). The causes of action are identical, too, because in the state court Patterson asserted the same violation of due process. And Patterson could have raised his § 1983 claim in the circuit court because Illinois permits joining § 1983 claims with actions for review of administrative decisions. *See Durgins v. City of East St. Louis, Ill.*, 272 F.3d 841, 843–44 (7th Cir. 2001); *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995); *Stratton v. Wenona Cmty. Unit Dist. No. 1*, 551 N.E.2d 640, 646–47 (Ill. 1990). Finally, the parties are identical. In state court Patterson also sued the Secretary of the Department of Human Services in an official capacity, and although the occupant of that office has changed, an official-capacity suit against the Secretary is a suit against the officeholder. *Will*, 491 U.S. at 71. Because all three requirements of claim preclusion under Illinois law are satisfied, Patterson's § 1983 claim against Dimas in his official capacity is barred.

AFFIRMED.