Thomas **PERKINS**, Plaintiff–Appellant,

v.

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,** Defendant–Appellee.

No. 96–3999.

United States Court of Appeals, Seventh Circuit.

Submitted May 13, 1997.

Decided June 16, 1997.

Michael P. Dentino, III (submitted), Laura Hutchinson, Chicago, IL, for Plaintiff–Appellant.

Robert E. Arroyo, D. Scott Watson, Keck, Mahin & Cate, Chicago, IL, for Defendant–Appellee.

Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Thomas Perkins works as a laborer in the plant department of the University of Illinois—Chicago (UIC), part of the University of Illinois. In 1993 he wanted to take a civil service exam to be placed on the list for promotion to operating engineer, a post he had held at a prior employer. The University refused to let Perkins take the exam at UIC, but it did let him take the exam at Chicago State University, another component of the state's university system. He passed. But anyone who passes the exam at UIC goes on the roster for promotions at UIC ahead of everyone who passes the exam elsewhere. See 80 Ill. Admin. Code § 250.60(c), (f)(2)-(4). Perkins remained a laborer while others were promoted. In 1995 UIC posted a notice of new openings. Again Perkins wanted to take the exam at UIC; again he was refused; again persons of another race were promoted while Perkins remained a common laborer. (These are his allegations, anyway; we accept them with the usual caveat.)

Multiple charges of race and disability discrimination, and of retaliation for filing earlier charges, have produced two suits. The first suit, filed in 1995 to contest the exam in 1993, promotional opportunities lost in 1993 and 1994, and job assignments in those years, ended in judgment favoring the University. Only one of the reasons now concerns us: Perkins lost his claim about the 1993 civil service exam because he did not file his complaint within 90 days after receiving a right-to-sue notice from the EEOC. See 42 U.S.C. § 2000e–5(f)(1). The second suit, filed in 1996, grew out of the 1995 civil service exam and three promotions (which Perkins did not receive) from the 1995 list. The district court dismissed this second suit on the ground of preclusion. The core of the district judge's brief oral explanation is:

> [T]he actual promotion of the three white employees in approximately 1995, which was after the filing of the prior action but before judgment in it … was not a separate discriminatory event. They were on the promotional register and so qualified to be promoted to [plant engineer], and plaintiff was not. The discrimination, if any, occurred at the point at which defendant allegedly prevented plaintiff from taking the exam which could have qualified him to be placed on the promotional register, and that claim is barred by the judgment in favor of the defendant in the prior action under res judicata.

Some of the judge's remarks during the oral argument leading to the dismissal imply that the judge thought that only one exam, in 1993, was in question. The complaint implies that there were two, in 1993 and 1995, and Perkins's appellate brief is explicit on that point. Because the case was dismissed on the pleadings, we must accept Perkins's depiction of what happened, even though his complaint is ambiguous. See *American Inter–Fidelity Exchange v. American Re–Insurance Co.*, 17 F.3d 1018, 1022 (7th Cir. 1994); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985). If there were two exams, two years apart, Perkins was entitled to file separate suits. It may be, as the district judge observed, that by asking the EEOC to issue an immediate right-to-sue letter Perkins could have included the events of 1995 in his first suit, but Rule 18(a) permits rather than compels the joinder of distinct claims against one adversary.

The doctrine of res judicata (claim preclusion) requires litigants to join in a single suit all legal and remedial theories that concern a single transaction. What is a single transaction? The usual answer—"common core of operative fact," see *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)—poses questions of its own. Because the function of res judicata is to require the joinder of all legal challenges to a wrong, and all claims for relief arising out of those events, *without* compelling the joinder of claims arising from separate wrongs, we concluded in *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir.1993), that claims "based on the same, or nearly the

same, factual allegations" must be joined. So various ways of contesting the same failure to promote—breach of contract, violation of Title VII, violation of the equal protection clause via 42 U.S.C. § 1983, violation of state law—must be consolidated in a single suit. *Davis v. Chicago*, 53 F.3d 801 (7th Cir.1995). But if the supposedly wrongful events are separated by time and function, multiple suits are permissible (even though not desirable). *Herrmann* holds that claims based on an allegedly wrongful discharge, and those based on post-discharge events such as failure to permit the continuation of medical insurance, are distinct and need not be brought together—for a discriminatory discharge may be followed by proper handling of insurance under ERISA, while a lawful discharge may be followed by unlawful failure to permit the ex-employee to obtain continuing medical coverage.

A discriminatory exclusion from the civil service exam in 1993 could have been followed by permission to take the exam in 1995; similarly, the exclusion from the 1995 exam may have been discriminatory even though the exclusion from the 1993 exam was proper. Perkins believes that only his color accounts for UIC's refusal to let him take the exams at UIC rather than Chicago State. The University, by contrast, tells us that Perkins failed to complete an apprenticeship program essential to qualify for the exam. Perkins denies that the apprenticeship was a prerequisite (he asserts that white employees who did not enter the program were allowed to take the exam), but there are other possibilities, which at the pleading stage we must hypothesize. Perhaps Perkins completed the apprenticeship between 1993 and 1995 and still was not allowed to take the exam; then he might have a sound challenge to the 1995 decision even though the University properly prevailed on the 1993 events. Or perhaps Perkins never completed the apprenticeship, but all the white employees who took the exam in 1993 had done so, while some white employees who took the exam in 1995 had not. Again a decision on the merits in the University's favor concerning the 1993 exam would not mean that the University should prevail in the second suit. The district court's approach implies that, having pre-vailed against a challenge to one civil service exam, the University could discriminate against Perkins with impunity for the rest of his life. That cannot be right.

Sometimes lawyers and judges use the phrase "res judicata" to mean issue preclusion (collateral estoppel) as well as claim preclusion. An issue actually and necessarily decided in an earlier suit between the same parties is preclusive in later litigation. *Sterling v. United States*, 85 F.3d 1225 (7th Cir.1996). Because the University prevailed in the first case under the statute of limitations, rather than on any theory common to the 1993 and 1995 exams, issue preclusion does not avail it today. The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.