165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Peter HUDD, Plaintiff-Appellant,
v.
Stuart H. SHIFFMAN, et al., Defendants-Appellees.
 No. 98-1427.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1998*.
Decided Dec. 7, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 97-3253. Richard Mills, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Dissatisfied with the administration of his mother's estate, Peter Hudd has filed six suits against a state judge, the estate's administrator, and two insurance companies. All of the suits (three in state court, three in federal, against different combinations of defendants) have been unsuccessful. The fifth suit, like this one in federal court, was dismissed for want of jurisdiction to the extent its theory is that implementation of the state-court's judgment violates the Constitution, see Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), for want of jurisdiction to the extent it rests on state law (complete diversity of citizenship has not been alleged), on account of judicial immunity (to the extent Hudd seeks relief against the judge), and on account of res judicata (to the extent any claim that survives the other reasons falls within federal jurisdiction). Hudd did not appeal. Instead he filed this suit, the sixth. This, too, was dismissed, on the basis of the preclusive effect of the former dismissal. After filing an appeal, Hudd also applied for a writ of certiorari before judgment, which was denied. 119 S.Ct. 299 (1998).
 
 
 2
 With each new suit Hudd modifies his legal theory. But a new theory does not make a different claim. Res judicata (claim preclusion) forecloses not only those theories actually presented but also those that could have been presented. Nevada v. United States, 463 U.S. 110, 129-30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983); Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1877); Doe v. Allied Signal, Inc., 985 F.2d 908, 913 (7th Cir.1993). All of the lines of argument Hudd now advances arise from the same transactions as the earlier suits; all could have been presented in one or more of those suits. Hudd's third and fifth suits were in federal court, so federal rules of preclusion govern the effect of those judgments; but the outcome would be the same if state rules were applied (on the basis of suits one, two, and four) under 28 U.S.C. § 1738, because like the federal courts Illinois uses the rule of merger and bar. See Perkins v. Board of Trustees of the University of Illinois, 116 F.3d 235, 236 (7th Cir.1997) (Illinois law).
 
 
 3
 Refusal to take no for an answer imposes needless costs on both one's adversaries and the judicial system (and thus indirectly on other litigants with meritorious claims). We explained in Homola v.. McNamara, 59 F.3d 647 (7th Cir.1995), why this unacceptable never-say-die attitude leads to sanctions. Accordingly, in addition to affirming the judgment, we give Hudd 14 days to show cause why he should not be penalized under Fed. R.App. P. 38 for pursuing frivolous, repetitious, and vexatious litigation. Within the same time appellees may file statements of the attorneys' fees and costs reasonably incurred in the defense of this appeal.
 
 
 4
 AFFIRMED; ORDER TO SHOW CAUSE ISSUED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)