George W. JACKSON Jr., Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 98 C 2425.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 15, 1999.

Ayesha S. Hakeem, Law Offices of Ayesha S. Hakeem, Chicago, IL, for Plaintiff.

Patricia M. Carroll–Smith, Assistant Corporation Counsel, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

George W. Jackson Jr. brought this action against his employer, the City of Chicago (the "City"), alleging retaliation and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). The City moves to dismiss the complaint because Mr. Jackson's claims are barred by the doctrine of res judicata. In the alternative, the City moves to dismiss the retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] For the following reasons, the City's motion is denied, but Mr. Jackson is precluded from relying on his November and December 1993 grievances in his retaliation claim.

### Background

In September 1994, Mr. Jackson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of discrimination by his employer, the City of Chicago. Mr. Jackson is black and over the age of 40. In June 1996, Mr. Jackson brought an action in federal court against the City that included Title VII claims for retaliation and race discrimination, and an ADEA claim for age discrimination. The court dismissed Mr. Jackson's retaliation claim pursuant to Fed.R.Civ.P. 12(b)(6); it also dismissed his discrimination claims as time-barred with leave to amend. In Sep-

tember 1997, after Mr. Jackson moved for voluntary dismissal, the court dismissed the entire case with prejudice.

Meanwhile, in April 1996, Mr. Jackson filed an additional charge of discrimination against the City with the EEOC. This charge included some of the same factual allegations as the 1994 EEOC charge. In addition, it alleged that Mr. Jackson was denied a promotion in 1995 in retaliation for filing the 1994 EEOC charge and because of his race and age. Mr. Jackson received notice of his right to sue in January 1998, and he filed this lawsuit in April 1998.

Mr. Jackson's amended complaint contains three counts, all which involve an allegation that he was unlawfully passed up for a promotion in 1995. According to the complaint, Mr. Jackson applied for three job openings in April 1995. He alleges that in November 1995 the openings were filled with non-black, younger employees who had less seniority and less experience than Mr. Jackson. Count I alleges that Mr. Jackson was denied a promotion in retaliation for complaining about discrimination in the past and in particular for filing the 1994 EEOC charge. Counts II and III allege that Mr. Jackson was discriminated against because of his race and his age.

### Res Judicata

The City argues that Mr. Jackson's claims are barred by the doctrine of res judicata. Mr. Jackson's first lawsuit was not terminated until September 1997, after he filed the 1996 EEOC charge concerning the 1995 denial of promotion. The City argues that Mr. Jackson should have amended his complaint to include the claims involving the 1995 incident.

██ Res judicata, or claim preclusion, "requires litigants to join in a single suit

---

1. The City's motion to dismiss as untimely Mr. Jackson's claims relating to a 29–day suspension and loss of seniority is moot.

These claims are not in Mr. Jackson's amended complaint.

all legal and remedial theories that concern a single transaction." *Perkins v. Board of Trustees of the Univ. of Illinois,* 116 F.3d 235, 236 (7th Cir.1997). In *Perkins,* the plaintiff filed a suit in 1995 alleging that he was not allowed to take a 1993 civil service exam that would have placed him on a list for a promotion. *Id.* After this suit was dismissed, the plaintiff filed another suit in 1996 alleging that he was not allowed to take the exam again in 1995. *Id.* The court held that, although the plaintiff could have asked the EEOC to issue an immediate right-to-sue letter regarding the 1995 test, and then amended his 1995 complaint to include that claim, such actions were not required. *Id.*

■ The court explained that res judicata functions "to require the joinder of all legal challenges to a wrong, and all claims for relief arising out of those events, without compelling the joinder of claims arising from separate wrongs...." *Id.* While "various ways of contesting the same failure to promote" must be brought in the same action, multiple suits are permissible where the allegedly wrongful events are separated by time and function. *Id.* at 237. In the case at bar, Mr. Jackson alleges that he was unlawfully passed up for a promotion in November 1995 when the City hired or promoted other individuals to fill the positions for which Mr. Jackson had applied. In his first lawsuit, Mr. Jackson alleged that he was unlawfully passed up for two promotions in November and December 1993, and that the City took a number of retaliatory actions against him from February 1994 until May 1994.

■ The failure to promote in 1995 is separated in time and function from the failures to promote and retaliatory actions alleged in his 1996 complaint. Although it may be true that Mr. Jackson could have amended his 1996 complaint to include the retaliation claim without filing an additional EEOC charge,[2] and that Mr. Jackson

could have asked the EEOC for an immediate right-to-sue letter on the discrimination claims, such actions were not required. Therefore to the extent the claims in the amended complaint allege that Mr. Jackson was unlawfully passed up for a promotion in 1995, those claims are not barred by res judicata.

■ Part of Mr. Jackson's retaliation claim, however, is barred by collateral estoppel, or issue preclusion. "An issue actually and necessarily decided in an earlier suit between the same parties is preclusive in later litigation." *Id.* at 237. The amended complaint alleges that the City unlawfully retaliated against Mr. Jackson for his prior complaints about discrimination, including his 1994 EEOC charge. The prior complaints of discrimination alleged in the fact section of the amended complaint include grievances filed by Mr. Jackson in November and December 1993. The retaliation claim in Mr. Jackson's first lawsuit was dismissed for failure to state a claim because Mr. Jackson did not reasonably believe that the City was discriminating against him when he filed those grievances. *Jackson v. City of Chicago,* 1996 WL 734701, at *4—*5 (N.D.Ill.1996). Absent a reasonable belief that he was challenging conduct in violation of Title VII or the ADEA, Mr. Jackson could not satisfy the first element of a retaliation claim— that he engaged in statutorily protected activity. *Id.* Mr. Jackson is now precluded from relying on those grievances to show that he engaged in statutorily protected activity.

*Motion to Dismiss Count I for Failure to State a Retaliation Claim*

■ The City also moves to dismiss Mr. Jackson's retaliation claim because he has not established a prima facie case. To establish a prima facie case of retaliation, Mr. Jackson must show that "(1) he en-

---

**2.** *See Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1312 (7th Cir.1989) ("a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge").

gaged in statutorily protected expression; (2) he suffered an adverse action; and (3) there is a causal link between the protected expression and the adverse action." *Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1459 (7th Cir.1995). The City argues that Mr. Jackson's allegations are insufficient to satisfy the third prong, a causal link.

According to the City, Mr. Jackson does not state a claim for retaliation because the time gap between his EEOC charge and the denial of promotion does not support an inference that he was denied the promotion because he filed the charge. On a motion to dismiss for failure to state a claim, factual allegations in the complaint must be taken as true, and all possible inferences must be drawn in favor of the plaintiff. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991). The amended complaint alleges that Mr. Jackson filed an EEOC discrimination charge in September 1994, that he applied for three job openings in April 1995, and that the individuals chosen for those jobs were non-black, younger, and less qualified than Mr. Jackson. Two of the individuals also had less seniority than Mr. Jackson. The amended complaint further alleges that hiring and promoting employees with less seniority and fewer qualifications than Mr. Jackson violates the City's stated policies, and that in denying Mr. Jackson a promotion the City intended to retaliate against him for filing his 1994 EEOC charge. Taking these allegations as true and drawing all reasonable inferences in Mr. Jackson's favor, it is premature to dismiss the retaliation claim despite the time gap.

### Conclusion

For the reasons discussed above, the City's motion to dismiss the complaint based on res judicata is denied. Mr. Jackson, however, is precluded from relying on his November and December 1993 grievances in his retaliation claim. The City's

motion to dismiss the retaliation claim for failure to state a claim is also denied.