
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2017 Session

## REGINALD DAVIS v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-14-0630      Walter L. Evans, Chancellor**

_____

## No. W2016-00967-COA-R3-CV

_____

This appeal involves the termination of a firefighter's employment with the City of Memphis. The firefighter appealed his termination to the City of Memphis Civil Service Commission. He also filed a lawsuit in federal district court asserting various causes of action against the City of Memphis and other defendants. After a six-day jury trial in federal court, the jury returned a verdict in favor of the defendants. The City of Memphis then sought dismissal of the firefighter's appeal before the Civil Service Commission based on the principles of res judicata and/or collateral estoppel. The Civil Service Commission granted the motion and dismissed the appeal. The firefighter then sought review in chancery court, and the chancery court upheld the decision of the Civil Service Commission. We reverse and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Darrell James O'Neal, Memphis, Tennessee, for the appellant, Reginald Davis.

Barbaralette G. Davis, Memphis, Tennessee, for the appellee, City of Memphis.

### OPINION

#### I. FACTS & PROCEDURAL HISTORY

Reginald Davis ("Davis") began his employment as a firefighter with the City of Memphis ("City") in 1989. In December 2011, while still employed with the City, Davis filed a lawsuit in federal district court against the City of Memphis Fire Department, the mayor, and other officials, asserting numerous causes of action for alleged violations of

his constitutional and statutory rights during his employment. In April 2012, Davis and his attorney appeared on local television news broadcasts and were interviewed regarding Davis's allegations against the fire department in the federal lawsuit, which involved an alleged assault against Davis by a fire chief and allegedly unqualified fire personnel being assigned to the Memphis airport. Davis was suspended shortly thereafter and charged with violating numerous departmental policies. Following an administrative hearing, he was terminated effective May 7, 2012. Davis timely appealed his termination to the City of Memphis Civil Service Commission. He also amended his complaint in the federal lawsuit to allege that he was unlawfully terminated in retaliation for the statements made to the media by his legal counsel about matters of public concern, in violation of his First Amendment rights.

After a six-day jury trial, the jury in the federal lawsuit returned a verdict in favor of the defendants on August 19, 2013. After several continuances, the hearing before the City of Memphis Civil Service Commission ("Commission") finally commenced on December 16, 2013. At the beginning of the hearing, counsel for the City orally moved to dismiss the appeal based on the doctrine of collateral estoppel due to the conclusion of the lawsuit in federal court. Davis objected to the City raising this issue at the beginning of the hearing without prior notice to him or the Commission. As such, the Commission continued the hearing and ordered both parties to submit briefs on the matter. Along with their briefs, the parties submitted numerous documents to the Commission, including the complaint and the jury verdict form from the federal lawsuit. The verdict form contains a single question that was answered by the jury:

> Has the City of Memphis shown by the preponderance of evidence that Mr. Davis, through his attorney, knowingly or recklessly made false statements regarding fire safety at Memphis International Airport and an alleged assault against him by [a fire chief]?

The jury answered "Yes" to this question and consequently did not reach the additional questions on the verdict form.

After the briefs were filed, the Commission held another hearing and considered arguments of counsel before taking the issue under advisement. On April 9, 2014, the Commission entered an order granting the City's motion to dismiss the appeal. The order states:

> Section 246 of the Memphis City Charter provides that "[t]he City may terminate, suspend, or demote an employee for just cause, and the employee shall be given a written notice of the reasons for the action taken." Memphis City Charter § 246. Section 248 of the Memphis City

Charter provides that "[t]he burden of proof required to sustain the action of the City shall be by a preponderance of the evidence. If, after a presentation of the proof, the commission finds that there exists a reasonable basis for the disciplinary action taken, [then] the action of the City shall be sustained." Memphis City Charter § 248.

However, *before deciding whether Defendants had a reasonable basis upon which to terminate Plaintiff*, this Commission must first decide whether the doctrine of res judicata, or claim preclusion, applies to bar Plaintiff's appeal.

(Emphasis added.) As a preliminary matter, the Commission found that the City's delay in asserting the defense of res judicata did not prejudice Davis due to the continuance of the hearing. Next, the Commission determined that the preclusive effect of the federal district court judgment must be determined by considering federal common law regarding res judicata. It also concluded that res judicata can apply in the context of civil service proceedings.

Reciting the following elements of res judicata – a judgment on the merits, finality, same parties, and same cause of action – the Commission concluded that each element was met in the present case. The Commission concluded that the federal district court judgment was final and "on the merits" for purposes of the res judicata analysis, and it found that the parties in the federal lawsuit included the same parties before the Commission. The Commission then found that "Plaintiff had a full and fair opportunity to litigate all of the causes of action he raised, or could have raised," in federal court. In addition to the complaint and jury verdict form submitted to the Commission by the parties, the Commission also repeatedly referenced another order entered by the federal district court -- *Davis v. City of Memphis Fire Department*, 940 F. Supp. 2d 786 (W.D. Tenn. Apr. 16, 2013). The Commission concluded that the federal court had already decided "whether The City of Memphis Fire Department had a reasonable basis for terminating Plaintiff's employment" and "whether there was just cause for Plaintiff's termination." As such, the Commission held that Davis's appeal was barred by the doctrine of res judicata and dismissed the appeal.

On April 21, 2014, Davis filed a petition in chancery court seeking review of the Commission's decision pursuant to Tennessee Code Annotated sections 27-9-101, et seq., and 4-5-322. Davis asserted that the Commission erred and violated his rights by considering the City's untimely defense based on res judicata. He also argued that an employee cannot lose his right to a civil service appeal based on res judicata. He argued that the Commission erred in applying federal principles of res judicata and in concluding that the elements of res judicata were met in the present case.

The chancery court directed that the administrative record be transmitted to the court. Upon reviewing the administrative record, the chancery court entered "Findings of Facts and Conclusions of Law" on December 10, 2015. The chancery court found that the City did not waive its right to assert the defense of res judicata by raising it via oral motion because responsive pleadings were not required before the Commission. It also found that the Commission gave both parties ample time to brief and present oral argument on the matter, and therefore, Davis was not prejudiced. The chancery court applied Tennessee caselaw regarding res judicata in order to determine the preclusive effect of the federal court judgment and concluded that res judicata applied to bar further litigation before the Commission. Specifically, the chancery court explained:

> Petitioner was afforded ample opportunity to fully and fairly litigate the factual basis of the employment action taken against him by the City, i.e., false statements regarding fire safety at Memphis International Airport and false statements regarding an alleged assault against him (Petitioner) by Chief Daryl Payton, made knowingly or recklessly by Petitioner through his attorney, facts affirmatively found as evidenced by the jury's verdict in the prior proceeding in the federal action.

> Thus, the doctrine of *res judicata* operates to bar the issue of whether there was just cause for Petitioner's termination, in a subsequent action brought before the City of Memphis Civil Service Commission.

On January 12, 2016, the chancery court entered an "Order on Petitioner's Writ of Certiorari" incorporating its "Findings of Fact[s] of Conclusions of Law," upholding the decision of the Commission, and assessing costs against Davis. The order was signed by counsel for the City, who also signed for Davis's attorney "with permission." On February 28, 2016, Davis filed a "Motion to Amend Order dated January 12, 2016 and Enter a Final Order also Ruling on the Petitioner's Request for Attorney's Fees[.]" Davis argued that the court's previous order was not final because it did not resolve his request for attorney's fees and did not contain a certificate of service. Following a hearing, on April 19, 2016, the chancery court entered an "Amended Order on Petitioner's Writ for Certiorari" again incorporating its December 10, 2015 "Findings of Facts and Conclusions of Law" and assessing costs against Davis but also providing that all other matters not specifically addressed by the "Findings of Facts and Conclusions of Law" were denied. On May 1, 2016, Davis filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

On appeal, Davis argues that the chancery court erred by upholding the decision of the Commission dismissing his appeal on the basis of res judicata. In its posture as

4

appellee, the City raises an additional issue regarding whether the chancery court erred in granting Davis's motion to amend and enter a final order.

For the following reasons, we reverse the decision of the chancery court and remand for further proceedings.

### III. STANDARD OF REVIEW

Tennessee Code Annotated section 27-9-114(b)(1) provides that "[j]udicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322." Accordingly, Tennessee Code Annotated section 4-5-322(h) contains the standard of judicial review that is used to review decisions of the City of Memphis Civil Service Commission. *City of Memphis v. Lesley*, No. W2012-01962-COA-R3-CV, 2013 WL 5532732, at *6 (Tenn. Ct. App. Oct. 7, 2013). Section 4-5-322(h) provides:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
>
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The application of res judicata is an issue of law that this Court reviews de novo. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

5

## IV. DISCUSSION

### A. Timeliness of the Motion to Amend and Enter a Final Order in Chancery Court

The City argues that this appeal should be dismissed because Davis's notice of appeal was untimely. As noted above, the chancery court entered "Findings of Facts and Conclusions of Law" on December 10, 2015, and an "Order on Petitioner's Writ of Certiorari" on January 12, 2016. On February 28, 2016, Davis filed a motion asking the court to amend the previous order and enter a final order, alleging that the January 12 order was not final due to the lack of a certificate of service and the lack of a ruling resolving his request for attorney's fees. After a hearing, the trial court entered an "Amended Order on Petitioner's Writ for Certiorari" on April 19, 2016, providing that any matters not specifically addressed by the Findings of Fact and Conclusions of Law were denied. Davis filed a notice of appeal on May 1, 2016.

Despite the City's argument to the contrary, we conclude that the chancery court's January 12, 2016 order was not final due to the lack of a ruling on Davis's request for attorney's fees.

> A judgment is final in Tennessee "when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn.1995) (quoting *Saunders v. Metro. Gov't of Nashville & Davidson County*, 214 Tenn. 703, 383 S.W.2d 28, 31 (1964)). In the absence of an express direction of the court to the contrary, a judgment that disposes of only some of the claims, issues, or parties is not a final judgment and is subject to revision by the court at any time before the entry of a final judgment adjudicating all claims and the rights and liabilities of all parties. Tenn. R. Civ. P. 54.02; *see also* Tenn. R. App. P. 3(a) (stating that such a judgment is not enforceable or appealable); *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 328 (Tenn. 1982).

*Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009). "'This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final.'" *McCosh v. McCosh*, No. E2014-01702-COA-R3-CV, 2015 WL 5121077, at *5 (Tenn. Ct. App. Aug. 31, 2015) (*no perm. app. filed*) (quoting *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009)). Because the January 12 order was not final, the trial court retained jurisdiction to enter the amended order on April 19, and the notice of appeal filed by

Davis on May 1 was timely.

## B.    Timeliness of the City's Motion to Dismiss Based on Res Judicata

Next, we consider Davis's assertion that the Commission should not have considered the issue of res judicata because the City failed to raise it in a timely manner. As authority for this argument, Davis relies on a letter that was sent to him by the Commission on July 6, 2012, which informed him of an upcoming hearing on preliminary issues set for August 3, 2012, and stated that a party raising a preliminary issue "shall give at least five days written notice to the Commission and the opposing party[.]"    Prior to that hearing on preliminary issues, however, counsel for Davis informed the Commission that he "can't address any preliminary matters at this time" and requested that preliminary issues instead be addressed at the full hearing scheduled for August 17, 2012.  The parties subsequently canceled the August 17 hearing and set the matter for mediation.  When that proved unsuccessful, the parties asked that the full hearing be rescheduled.  On October 3, 2013, the Commission sent another letter to Davis informing him that his full hearing was scheduled for December 16, 2013, and stating that "[a]ny preliminary matters that need to be addressed will also be heard on this day."  When the City raised the issue of res judicata at the beginning of the December 16 hearing, Davis objected, and the Commission continued the hearing and ordered the parties to submit briefs on the matter.  The Commission also heard oral argument on the matter on March 6, 2014.

The Commission rejected Davis's argument that the City failed to raise the issue of res judicata in a timely manner.  The Commission found that Davis was not prejudiced in his ability to respond to the oral motion because the Commission continued the hearing and gave the parties ample time to brief the matter.  We cannot say that the Commission erred in this decision.  Davis cites no written policy, aside from the stated requirement in the July 6, 2012 letter, to support a finding that written notice was required.  Davis also agreed to have preliminary matters heard at the full hearing.  Under these circumstances, we conclude that the Commission did not render its decision "upon unlawful procedure," within the meaning of section 4-5-322(h), by considering the merits of the City's res judicata defense.[1]

---

[1]Davis also argues on appeal that "due to no fault of his [own]" he was denied the right to have a hearing within 60 days of his appeal as allegedly required by a Memphis ordinance.  However, Davis did not raise this argument in his petition for review before the chancery court, and the ordinance does not appear in the record before us.  Issues not raised in the trial court may not be raised for the first time on appeal. *Correll v. E.I. DuPont de Nemours & Co.*, 207 S.W.3d 751, 757 (Tenn. 2006).

## C.   Res Judicata

We now turn to the substantive merits of the City's res judicata defense.  At the outset, we must determine whether Tennessee law or federal law governs the preclusive effect of the litigation in federal district court.  The Commission applied federal law regarding res judicata; the chancery court applied Tennessee law.

"The general rule is that a court gives a judgment the same preclusive effect as the court in which the prior judgment was rendered." *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 391 (Tenn. Ct. App. 2009) (citing *Mitrano v. Houser*, 240 S.W.3d 854, 861 (Tenn. Ct. App. 2007)).  "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-508 (2001)).  Accordingly, "state courts cannot give judgments in federal-question cases 'merely whatever effect they would give their own judgments, but must accord them the effect that [the Supreme] Court prescribes.'" *Cooper v. Glasser*, 419 S.W.3d 924, 929 (Tenn. 2013) (quoting *Semtek*, 531 U.S. at 507).  "[S]tate courts must give judgments in federal-question cases the claim-preclusive effect that federal law commands." *Id.*  We therefore apply federal res judicata principles to determine the preclusive effect of the federal district court's decision.  *See, e.g.*, *Regions Fin. Corp.*, 310 S.W.3d at 391 ("Federal law [] governs what effect the prior federal court judgment has on these proceedings.").

Under federal law, the term "res judicata" embraces both claim preclusion and issue preclusion. *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 n.2 (2016).  The doctrine of claim preclusion prohibits successive litigation of the very same claim by the same parties. *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016).  It serves to avoid multiple suits on identical entitlements or obligations between the same parties. *Bravo-Fernandez*, 137 S. Ct. at 357.  As claim preclusion compels litigants to bring all related claims in a single lawsuit, it prohibits parties from bringing not only claims they have already brought but also claims they *should* have brought. *Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 482 (6th Cir. 2014).

"The allied doctrine of issue preclusion ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment." *Bravo-Fernandez*, 137 S. Ct. at 358.  The United States Supreme Court has described issue preclusion as follows:

This Court has long recognized that "the determination of a question

8

directly involved in one action is conclusive as to that question in a second suit." *Cromwell v. County of Sac,* 94 U.S. 351, 354, 24 L.Ed. 195 (1877). The idea is straightforward: Once a court has decided an issue, it is "forever settled as between the parties," *Baldwin v. Iowa State Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), thereby "protect[ing]" against "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts," *Montana v. United States,* 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). In short, "a losing litigant deserves no rematch after a defeat fairly suffered." *Astoria Fed. Sav. & Loan Assn. v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991).

Although the idea of issue preclusion is straightforward, it can be challenging to implement. The Court, therefore, regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion. *See, e.g., Bobby v. Bies,* 556 U.S. 825, 834, 129 S.Ct. 2145, 173 L.Ed.2d 1173 (2009); *New Hampshire v. Maine,* 532 U.S. 742, 748-749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Baker v. General Motors Corp.,* 522 U.S. 222, 233, n. 5, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). The Restatement explains that subject to certain well-known exceptions, the general rule is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27, p. 250 (1980); *see also id.,* § 28, at 273 (listing exceptions such as whether appellate review was available or whether there were "differences in the quality or extensiveness of the procedures followed").

*B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302-03 (2015). The Court further explained that "issue preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies."[2] *Id.* at 1303.

---

[2]*See, e.g.*, *McFadgon v. City of Memphis*, 731 S.W.2d 530, 532 (Tenn. Ct. App. 1986) (holding that "there was no need for a hearing" by the Memphis Civil Service Commission when the plaintiff was discharged by the police department for neglect of duty, and he was indicted, tried and convicted in state court for the same offense and conceded that the guilty conviction disqualified him from being a police officer).

On appeal, Davis argues that res judicata cannot apply to this case because the Memphis City Charter states, "If an employee has previously elected a remedy other than as provided by federal law, he shall be barred from appealing to the Civil Service Commission[.]" Davis claims that this provision "allows an employee to file a federal lawsuit at the same time that they are appealing their termination." We see no need to express an opinion regarding the exact parameters of this charter provision. Even assuming arguendo that the charter would permit an employee to file a federal lawsuit while appealing his or her termination, it clearly does nothing to preclude the application of well-established principles of res judicata in the context of the employee's civil service appeal. We reject Davis's bare assertion that this charter provision "says federal law is exempted as a means to bar an employee's civil service appeal."

Next, Davis argues that the Commission erred in concluding that res judicata was established because the City submitted for the Commission's consideration a "Third Amended Complaint" from federal court dated June 13, 2012, and, according to Davis, the federal court eventually denied his request to file the Third Amended Complaint. As support for this argument, Davis submitted to the Commission an "Order Denying Plaintiff's Motion to Amend Third Complaint" entered by the federal court on April 15, 2013. However, a close review of this document reveals that it denied Davis's attempt "to amend his *Third* Amended Complaint" when he sought "leave to file a *Fourth* Amended Complaint." (Emphasis added.) Therefore, Davis has not demonstrated that the Commission relied upon the wrong document.[3]

Davis also argues that the claims or issues sought to be precluded in the civil service proceeding were not identical to those that he could have raised or those that were decided on the merits in the federal court lawsuit. "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, [with res judicata] barring 'claims arising from the same transaction.'" *U.S. v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482 n.22 (1982); Restatement (Second) of Judgments § 24 (1980)). The scope of the "claim" that is extinguished "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."[4] Restatement (Second) of Judgments § 24(1) (1982); *see also Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443-44 (6th Cir. 2014) ("For purposes of claim preclusion, parties must assert in one

---

[3]We note that Davis was represented by a different attorney in the federal lawsuit.
[4]The majority of the federal courts and numerous states, including Tennessee, have adopted the transactional standard for determining whether a prior judgment and a pending suit are the same cause of action for purposes of applying res judicata. *Creech*, 281 S.W.3d at 380.

action all claims related to the transaction, or series of connected transactions, out of which the action arose."). Comment *a* to the Restatement (Second) of Judgments section 24 explains:

> The present trend is to see claim [sic] in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

"Equating claim with transaction, however, is justified only when the parties have ample procedural means for fully developing the entire transaction in the one action going to the merits to which the plaintiff is ordinarily confined." *Id.* "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 n.16 (2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis added). According to the Supreme Court, "claim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts.'" *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) (quoting Restatement (Second) of Judgments § 26(1)(c) (1982)).[5]

The Restatement Comments address the situation where a plaintiff is unable for jurisdictional reasons to present both state and federal theories or grounds in the first action:

---

[5]Section 26(1) of the Restatement (Second) of Judgments provides:

> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> . . . .
>
> (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief[.]

11

The general rule of § 24 is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Restatement (Second) of Judgments § 25 *cmt e.* (1982). As these comments demonstrate, "[p]reclusion is narrower when a procedural system in fact does not permit the plaintiff to claim all possible remedies in one action." *Id.* at *cmt. f.*

Turning to the facts before us, the parties submitted to the Commission the Third Amended Complaint filed by Davis in federal district court, which asserted claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his First Amendment right of free speech and violations of due process, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for racial discrimination and retaliation, violation of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, et seq., retaliation in violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, aggravated assault, false imprisonment, defamation, and intentional infliction of emotional distress. He sought compensatory and punitive damages and injunctive relief up to and including reinstatement. Despite this lengthy list of claims, however, the only document the parties submitted to the Commission to show the disposition of Davis's claims was the jury verdict form that answered a single question:

Has the City of Memphis shown by the preponderance of evidence that Mr.

Davis, through his attorney, knowingly or recklessly made false statements regarding fire safety at Memphis International Airport and an alleged assault against him by [a fire chief]?

The jury answered "Yes" to this question and consequently did not reach the additional questions on the verdict form.

Based on the order of dismissal entered by the Commission, however, it appears that the Commission also relied on a separate order entered by the federal court with the following citation: *Davis v. City of Memphis Fire Dep't,*[] 940 F. Supp. 2d 786 (W.D. Tenn. [Apr.] 16, 2013).[6] The order found at this citation granted the City of Memphis summary judgment on Davis's claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[7] *Id.* at 796. The district court found that Davis failed to make out a prima facie case of racial discrimination with respect to his termination because he was not replaced by a person outside his protected class or subjected to disparate treatment on account of his race. *Id.* at 800. The district court also found that Davis failed to make out a prima facie case of retaliation because he failed to show a causal connection between his termination and activity that was protected *under Title VII*. *Id.* at 798. The district court noted that Title VII does not protect the exercise of all rights and "does not mandate a general code of civility or good conduct in the workplace." *Id.* Alternatively, the district court held that even if Davis had demonstrated a causal connection between his termination and *protected* activity, he still had not sufficiently demonstrated that the City's stated reasons for terminating him -- violation of the City's media policy and

---

[6]On appeal, the parties do not challenge the Commission's consideration of the district court's summary judgment order. We note, however, that the Commission was authorized to take official notice of "[a]ny fact that could be judicially noticed in the courts of this state." Tenn. Code Ann. § 4-5-313(6)(A)(i). Pursuant to Tennessee Rule of Evidence 201(b)(2), a court may take judicial notice of a fact "not subject to reasonable dispute, in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A Tennessee court would have been authorized to take judicial notice of the federal court's order under the circumstances presented here. *See, e.g.*, *Hoback v. City of Chattanooga*, 492 S.W.3d 248, 255 n.3 (Tenn. Ct. App. 2015) (noting that the court was authorized to take judicial notice of records from the appellant's separate lawsuit in federal district court); *Rowe v. Hamilton Cnty. Bd. of Educ.*, No. E2014-01978-COA-R3-CV, 2015 WL 4197059, at *6 (Tenn. Ct. App. July 13, 2015) (*no perm. app. filed*) (recognizing the trial court's discretion to take judicial notice of a previous lawsuit brought by the litigant in federal district court when considering the issue of res judicata); *City of Chattanooga v. Tenn. Regulatory Auth.*, No. M2008-01733-COA-R12-CV, 2010 WL 2867128, at *3 (Tenn. Ct. App. July 21, 2010) ("We may take judicial notice of our Court's records and of records from other cases advancing a similar claim of relief and involving the same parties or in collateral cases presenting similar or related issues.").

[7]The Commission provided little analysis of the summary judgment order but summarily stated, "In light of Plaintiff's federal lawsuit, our review of the facts need not restate the reasons why The Memphis Fire Department terminated Plaintiff's employment. *See Davis v. City of Memphis Fire [Dep't], []*, 940 F. Supp. 2d 786 (W.D. Tenn. [Apr.] 16, 2013)."

repeated complaints from coworkers -- were pretextual. *Id.* Davis had argued that the City of Memphis improperly imputed his attorney's statements to him. *Id.* The district court found that although the City's actions "may have been imprudent, it is not this Court's role to question Memphis' business judgment in doing so[.]" *Id.* The district court reasoned that the City's asserted business judgment was not so ridden with error that the City could not honestly have relied on it.[8] *Id.*

In its res judicata analysis, the Commission referenced principles of claim preclusion and issue preclusion. It noted that the doctrine of res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised"[9] in a prior action and "requires litigants to join in a single lawsuit all legal and remedial theories that concern a single transaction."[10] The Commission explained that claims based on the same factual allegations must be joined, provided that the claimant "had a fair opportunity to advance all its 'same transaction' claims in a single unitary proceeding." Citing the federal complaint, the district court's summary judgment order, and the jury verdict, the Commission found that "Plaintiff had a full and fair opportunity to litigate all of the causes of action he raised, or could have raised," in federal court. The Commission found that Davis "had a fair opportunity to advance all of his 'single-transaction' claims – both federal and state – in a single unitary proceeding." After noting that Davis's complaint asserted eight different causes of action, the Commission found that "[a] federal jury decided those causes of action, including whether there was just cause for Plaintiff's termination." The Commission concluded: "In the present appeal, Plaintiff would have this Commission decide whether The City of Memphis Fire Department had a reasonable basis for terminating Plaintiff's employment, a decision already reached by the federal court." As such, the Commission held that res judicata operated "to bar those causes of action, including the issue of whether there was just cause for Plaintiff's termination," in an appeal before the Civil Service Commission.

We disagree with the Commission's conclusion that the federal jury or federal court decided "whether there was just cause for Plaintiff's termination," which would give rise to issue preclusion. As the jury verdict form demonstrates, the jury only decided that "Davis, through his attorney, knowingly or recklessly made false statements regarding fire safety at Memphis International Airport and an alleged assault against him." This does not automatically equate to a finding that the City of Memphis had just cause to terminate Davis under its personnel policies. We likewise conclude that the district court's order entering summary judgment on the claims of racial discrimination

---

[8]Before the Commission, the City conceded that several of Davis's other claims were dismissed by the federal court for lack of jurisdiction because the court chose not to exercise jurisdiction over the state law claims.

[9]*See Kremer v. Chem. Constr. Corp.*, 450 U.S. 461, 466 (1982).

[10]*See Perkins v. Bd. of Tr. of Univ. of Ill.*, 116 F.3d 235, 236 (7th Cir. 1997).

14

and retaliation does not automatically mean that there was just cause for terminating Davis. In assessing the allegation of retaliation, the district court expressly recognized that it was "not this Court's role to question Memphis' business judgment," even if the City's action "may have been imprudent."[11] *Id.* at 798. The Commission, however, was authorized to do just that. "To prevail in the Commission proceedings, the City was required to demonstrate, by a preponderance of the evidence, that [the employee] violated the applicable rules and that the violation, in light of the circumstances, furnished a reasonable basis for terminating his employment." *Holmes v. City of Memphis Civil Serv. Comm'n*, No. W2016-00590-COA-R3-CV, 2017 WL 129113, at *9 (Tenn. Ct. App. Jan. 13, 2017) (citing *City of Memphis v. Cattron*, No. W2010-01659-COA-R3-CV, 2011 WL 1902167, at *5 (Tenn. Ct. App. May 13, 2011); *City of Memphis v. Civil Serv. Comm'n*, 238 S.W.3d 238, 244 (Tenn. Ct. App. 2007)).

Davis argues on appeal that claim preclusion should not apply to bar his civil service appeal because he was never afforded an opportunity to argue that progressive discipline should have been imposed considering his good work record and lack of prior discipline. He notes that the particular policies he was charged with violating were never at issue in the federal court proceeding. We agree that Davis did not have an ample opportunity in the federal court lawsuit to litigate whether he was terminated for just cause. *See, e.g., Treadway v. California Prods. Corp.*, 659 F. App'x 201, 210 (6th Cir. 2016) ("This court is not a super personnel department tasked with second guessing employers' business decisions.") (quotation omitted); *Hoback v. City of Chattanooga*, 492 S.W.3d 248, 259-60 (Tenn. Ct. App. 2015) (explaining that res judicata did not bar a terminated employee's UAPA petition for judicial review of the city council's decision regarding his termination even though he previously brought a federal court action arising from the same circumstances alleging violations of the Americans with Disabilities Act and other federal statutes, as the state claim was separate from that raised in federal court); *Hayes v. Civil Serv. Comm'n of Metro. Gov't of Nashville & Davidson Cnty.*, 907 S.W.2d 826, 828 (Tenn. Ct. App. 1995) (holding that a terminated employee's action for damages under federal law for denial of his constitutional rights was "a separate and distinct cause of action" from an administrative proceeding before the city's civil service commission, and therefore the judgment in the administrative proceeding did not bar the plaintiffs' suit for damages under the doctrine of res judicata).

Again, "claim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts.'" *Marrese*, 470 U.S. at 382

---

[11] *See Wilson v. Cleveland Clinic Found.*, 579 F. App'x 392, 404 (6th Cir. 2014) ("[A]t the pretext stage, we look to similarly situated employees not to evaluate the employer's business judgment, but to inquire into the employer's 'motivation and intent' to determine whether the employer was 'motivated by retaliation.'").

(quoting Restatement (Second) of Judgments § 26(1)(c)). Recognizing the jurisdictional limitations of the federal district court, and the limited findings made by the district court, we conclude that the Commission erred in dismissing Davis's civil service appeal of his termination based on res judicata. The federal jury may have resolved the factual issue of whether Davis, through his attorney, knowingly or recklessly made false statements, but it remains for the Commission to decide whether Davis's conduct warranted termination under the circumstances of this case.[12]

## V. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby reversed and remanded for further proceedings. Costs of this appeal are taxed to the appellee, the City of Memphis, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[12]Nothing in this opinion should be construed as limiting the Commission's authority to apply the doctrine of issue preclusion on remand to the *factual* issues actually determined by the jury. Again, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quotation omitted).

16